# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK
# ALBANY DIVISION

---------------------------------------------------------
JOEL A. BATHRICK,

               Plaintiff,

    v.                             **CIVIL ACTION NO:** 1:21-CV-0148
                                          (DNH/ML)
CSX TRANSPORTATION, INC.,        **TRIAL BY JURY DEMANDED**

               Defendant.
---------------------------------------------------------

## COMPLAINT

### Parties

1.    The Plaintiff, Joel A. Bathrick ("Plaintiff" or "Bathrick"), has at all times relevant hereto been a citizen and resident of Selkirk, Albany County, New York, within this judicial district and division.

2.    The Defendant, CSX Transportation, Inc. ("Defendant" or "CSX"), is a railroad corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Jacksonville, Duval County, Florida, and has been authorized to conduct business in the State of New York, and at all times relevant hereto Defendant has been doing business within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce, and has been engaged in interstate commerce and transportation.

### Jurisdiction and Venue

3.    The cause of action set forth herein arises under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 et seq., as amended, and jurisdiction herein is accordingly proper.

4.    Venue herein is proper pursuant to 45 U.S.C. § 56, the injuries which are the subject

of this civil action having occurred in Selkirk, Albany County, New York, within this judicial district and division, wherein Defendant has regularly and purposefully conducted its business activities and affairs at all times relevant hereto.

## Cause of Action

5. This cause of action arises under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 et seq., as amended.

6. On or about September 3, 2019, Plaintiff was employed by CSX as a machinist, in Selkirk, Albany County, New York.

7. While working in the course and scope of his employment for CSX and in performing his duties as one of Defendant's employees at that place and time, Plaintiff injured his right knee while working on a handrail platform that was unsafe and not appropriate for the job being done by the Plaintiff.

8. Defendant also had Plaintiff working alone on a job designed for two people. Defendant had notice from Plaintiff and other co-workers, that the platform was not proper for the job and that it was a two-man job.

9. At the time of the aforesaid incident on or about September 3, 2019, Plaintiff's duties were in the furtherance of interstate commerce, and Plaintiff's work directly, closely, and substantially affected the interstate commerce carried on by Defendant.

10. At the time of the aforesaid accident, CSX, acting by and through its officers, agents and employees, was negligent, reckless, and careless in one or more of the following manners:

   a) failing to provide Plaintiff with a reasonably safe place to work;

   b) failing to provide Plaintiff reasonably safe railroad cars and equipment on which to work;

- 3 -

    c)    failing to reasonably inspect, maintain and repair the railroad cars and equipment on which it directed and assigned its employees, including Plaintiff, to work;

    d)    failing to provide reasonably safe and appropriate "safety appliances" on its railroad cars;

    e)    failing to promulgate and/or enforce reasonably appropriate rules, regulations, policies and procedures for the safe and proper inspection and maintenance of its railroad cars and for the performance of its work; and

    f)    was otherwise negligent.

11. At the time of the aforesaid accident, Defendant failed to comply with the provisions and requirements of the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 et seq., as amended, the Federal Railroad Safety Act, 49 USCS 20101 et seq., and the Federal Safety Appliance Act, 49 USCS § 20301 et seq.

12. Because of the Defendant's negligence and statutory and regulatory violations, the Plaintiff sustained serious and permanent injuries; he has suffered physical and emotional pain, discomfort, and mental anguish, and these injuries and damages will continue in the future; he has incurred expenses for doctors and related medical care, and in the future he will continue to incur such expenses for treatment of accident related injuries; he has missed time and lost earnings and benefits from his employment; he has lost significant earning capacity; and he has been unable to perform all of the usual personal affairs of a man of his age and position in life, and in the future he will or may continue to be unable to perform such affairs.

**WHEREFORE**, Plaintiff, Joel A. Bathrick, demands judgment of and from the Defendant, CSX Transportation, Inc., in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), together with interest and the costs of this proceeding, as well as such other and

- 4 -

further relief in his favor as this Court may deem appropriate.

Dated: February 8, 2021
       Troy, New York

                          JOEL A. BATHRICK

                    By:_____
                        James E. Hacker, Esquire
                        New York Bar No. 101888
                        E. Stewart Jones Hacker Murphy, LLP
                        28 Second Street
                        Troy, NY  12180
                        Phone: 518-274-5820
                        Fax: 518-274-5875
                        email:  jhacker@joneshacker.com

                        *Counsel for Plaintiff*